**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

UNITED STATES OF AMERICA,<br>
Plaintiff,<br>
v.<br>
MICHAEL E. BORNES, LINA M. BORNES, and THE CITY OF WARSAW,<br>
Defendants.

3:10-CV-441

**OPINION AND ORDER**

Before the Court is the United States' Motion for Entry of Default Judgment. [DE 8.] For the following reasons, the motion is **DENIED**, although I grant the Government leave to re-file.

On April 13, 2006, Defendants Michael and Lina Bornes executed and delivered a promissory note worth $68,000. [DE 1 at ¶ 1.] The Bornes then secured the note through a mortgage on their home in Warsaw, Indiana . [*Id*. at ¶ 2.] They also executed a subsidy agreement in which the Government agreed to credit and accumulate a part of the interest accruing under the note so long as the Bornes remained in the home and didn't default. [*Id*. at ¶ 3.] The Complaint alleges that the Bornes then defaulted on the note, and the Government is the holder of the note and the mortgage. [*Id*. at ¶¶ 4-5.] Neither the Bornes nor the City of Warsaw filed an appearance or answered the Complaint.

In this motion, the Government seeks a default judgment finding that the Government is entitled to a judgment in the amount of $76,574.66 (principal plus interest accruing at $10.87 per day); that the mortgage is a lien on the real property noted above; that the equity of redemption

of the Bornes in the real property is barred and foreclosed; that Defendant City of Warsaw has no interest in the real property; and that the real property should be sold by the U.S. Marshal and the sale proceeds should be applied to the indebtedness due to the Government with any surplus paid to the Clerk subject to further order. [DE 8 at 2.] In support of its damages claim, the Government submits an affidavit from Richard Isserman, an employee of the United States Department of Agriculture. [DE 8-1.]

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a).

Because the clerk already entered a default, this Court may now enter a default judgment under Rule 55(b)(2). But the Court exercises discretion in doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). Courts may consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake*, 433 F. Supp. 2d at 941; *see* Wright & Miller 10A FEDERAL PRAC. & PROC. § 2685 (3d ed.).

In this case, the grounds for default are established. This case has been pending since October 2010, but the Bornes have not answered or entered an appearance. While they did write

a letter to the United States Attorney's Office following the Government's motion for default judgment (the letter has since been docketed as a response to the motion) [*see* DE 10, 11], the Bornes' letter does not attempt to defend against the suit or seek to set aside default, but instead explains their financial situation leading to their default on the note [DE 12]. And since submitting the letter, the Bornes have filed nothing with the Court nor have they otherwise demonstrated a desire to defend the suit. Based on this, there are no material issues of fact and default is not a simple technicality. So while the consequences of a default are not insignificant, the factors weigh in favor of a default judgment.

A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Moreover, all well-pleaded allegations of the complaint will be taken as true. *Id*. at 605. Here, this means that the Court must take as true the Government's assertion that the Bornes defaulted on their promissory note; the note is secured by the mortgage; the Government holds the note and the mortgage; and the City of Warsaw has no interest in the real property secured by the mortgage.

Although the well-pleaded allegations of a complaint are generally taken as true, *see id*. at 602, the amount of damages must be proven. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Thus, upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is

unnecessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323); *E360 Insight*, 500 F.3d at 602. To prove the amount of damages, however, conclusory allegations in an affidavit are generally insufficient. *E360 Insight*, 500 F.3d at 603. Similarly, when there are component parts to a damages total, the court requires evidence to support the components of the total damages. *Dundee Cement Co.*, 722 F.2d at 1324.

Here, the Government has submitted an affidavit by U.S. Department of Agriculture employee Richard Isserman. [DE 8-1.] Isserman asserts that he examined the loan documents along with the agency records pertaining to the amounts due under the note and mortgage and the amounts expended to protect the property. [*Id*. at 1.] Based on this, he claims the Bornes owe:

| | |
|---|---|
| **Principal balance**: | $65,426.85 |
| **Interest balance**: | $5,318.44 |
| **Title charges**: | $325.00 |
| **Late charges**: | $61.36 |
| **Taxes and Insurance**: | $5,349.81 |
| **Fees**: | $93.20 |
| **Total**: | $76,574.66 |

[*Id*. at 2.] In addition, Isserman asserts that interest is accruing at $10.87 per day from August 31, 2009 to the date of judgment. [*Id*.]

But Isserman's affidavit provides the Court with only conclusory allegations of the amount of damages the Bornes owe the Government. This is insufficient. To prove damages, the Government must submit evidence, by affidavit or other documentation, that details how the

above numbers have been calculated rather than simply submitting Isserman's determinations based solely on his review of the relevant documents. *See, e.g.*, *Trustees of The Indiana State Council of Roofers Health & Welfare Fund v. Charles Gluth & Son Roofers, Inc.*, 2010 WL 4687660, at *2 (N.D. Ind. Nov. 8, 2010) (finding conclusory affidavit insufficient to prove damages); *Flava Works, Inc. v. Wyche*, 2010 WL 2635784, at *2 (N.D. Ill. June 28, 2010) (same); *Trustees of Central Laborers' Pension, Welfare & Annuity Funds v. Lepinski*, 2007 WL 3333246, at *2 (S.D. Ill Nov. 8, 2007) (same). Nonetheless, I will grant the Government leave to file additional evidence to supplement its damages claim or, alternatively, the Government may move for an evidentiary hearing on the issue of damages.

One final note regarding damages. The Bornes' letter states that they have attempted to pay some of the money they owe under the note, but the Government merely returns the checks uncashed because the Bornes can't pay the total amount due in one payment. [DE 12.] If the Government chooses to submit supplemental materials to prove damages, it is **ORDERED** to address this claim and explain why, notwithstanding its right to demand immediate payment in full upon default, it has not attempted to mitigate the Bornes' damages by accepting their partial payments. The Court wonders why the Government would be reluctant to accept partial payments from the Bornes, who appear to be trying their best to right the situation, and instead insist on an expensive foreclosure that may not be in the best interest of either party. Especially since it appears the parties aren't that far apart. In any event, given that the Bornes are now able to make payments, I would encourage the parties to attempt to negotiate a reasonable settlement to this situation.

For the foregoing reasons, the Government's Motion for Default Judgment [DE 8] is

**DENIED WITH LEAVE TO RE-FILE** with supplementary evidence proving damages.

**SO ORDERED**.

ENTERED: May 9, 2011.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT