UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-CV-441 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL E. BORNES, LINA M. BORNES, and | ) | |
| THE CITY OF WARSAW, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is the United States' Second Motion for Entry of Default Judgment. [DE 15.] For the following reasons, the motion is **GRANTED**.

On April 13, 2006, Defendants Michael and Lina Bornes executed and delivered a promissory note worth $68,000. [DE 1 at ¶ 1.] The Bornes then secured the note through a mortgage on their home in Warsaw, Indiana . [*Id.* at ¶ 2.] They also executed a subsidy agreement in which the Government agreed to credit and accumulate a part of the interest accruing under the note so long as the Bornes remained in the home and didn't default. [*Id.* at ¶ 3.] The Complaint alleges that the Bornes then defaulted on the note, and the Government is the holder of the note and the mortgage. [*Id.* at ¶¶ 4-5.] Neither the Bornes nor the City of Warsaw filed an appearance or answered the Complaint.

The Government filed its first motion for default judgment on January 27, 2011, and I denied it because the Government made an insufficient damages showing. In this motion, the Government seeks a default judgment finding that the Government is entitled to a judgment in the amount of $84,222.24 (principal plus interest accruing at $11.46 per day); that the mortgage

is a lien on the real property noted above; that the equity of redemption of the Bornes in the real property is barred and foreclosed; that Defendant City of Warsaw has no interest in the real property; and that the real property should be sold by the U.S. Marshal and the sale proceeds should be applied to the indebtedness due to the Government with any surplus paid to the Clerk subject to further order. [DE 15 at 2.] In support of its damages claim, the Government submits an affidavit from Patricia Endraske, an employee of the United States Department of Agriculture ("USDA"). [DE 15-1.]

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a).

Because the clerk already entered a default, this Court may now enter a default judgment under Rule 55(b)(2). But the Court exercises discretion in doing so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993). Courts may consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake*, 433 F. Supp. 2d at 941; *see* Wright & Miller 10A FEDERAL PRAC. & PROC. § 2685 (3d ed.).

In this case, the grounds for default are established. This case has been pending since

October 2010, but the Bornes have not answered or entered an appearance. While they did write a letter to the United States Attorney's Office following the Government's motion for default judgment (the letter has since been docketed as a response to the motion) [*see* DE 10, 11], the Bornes' letter does not attempt to defend against the suit or seek to set aside default, but instead explains their financial situation leading to their default on the note [DE 12]. After I denied the Government's initial motion for default judgment [DE 13] and the Government filed its second motion, the Bornes were sent another letter on May 24, 2011 [DE 15-1]. However, since that time, they haven't responded or attempted to pay down their debt. Based on this, there are no material issues of fact and default is not a simple technicality. So while the consequences of a default are not insignificant, the factors weigh in favor of a default judgment.

A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Moreover, all well-pleaded allegations of the complaint will be taken as true. *Id*. at 605. Here, this means that the Court must take as true the Government's assertion that the Bornes defaulted on their promissory note; the note is secured by the mortgage; the Government holds the note and the mortgage; and the City of Warsaw has no interest in the real property secured by the mortgage.

Although the well-pleaded allegations of a complaint are generally taken as true, *see id*. at 602, the amount of damages must be proven. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Thus, upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319,

1323 (7th Cir. 1983). But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323); *E360 Insight*, 500 F.3d at 602. To prove the amount of damages, however, conclusory allegations in an affidavit are generally insufficient. *E360 Insight,* 500 F.3d at 603. Similarly, when there are component parts to a damages total, the court requires evidence to support the components of the total damages. *Dundee Cement Co.,* 722 F.2d at 1324.

I denied the Government's first motion for default judgment, citing two issues. First I was concerned that the USDA refused a payment of $5,200.00 that the Bornes attempted to make. The Government now states that after receiving that opinion, they wrote a letter to the Bornes on May 24, 2011, asking them to advise how much of a payment they could make. [DE 15-1, Ex. A.] However, they haven't received a response. As the Bornes haven't responded to the motion, I'll take the Government's statement as true.

Second, I held that the Government's damages submission wasn't sufficient. In the first motion, the Government attached an affidavit that simply provided a list of the amount the Bornes must pay without explanation. I stated that the Government must detail how the above numbers have been calculated rather than simply submitting determinations based solely on a review of the relevant documents. *See, e.g., Trustees of The Indiana State Council of Roofers Health & Welfare Fund v. Charles Gluth & Son Roofers, Inc.*, 2010 WL 4687660, at *2 (N.D. Ind. Nov. 8, 2010) (finding conclusory affidavit insufficient to prove damages); *Flava Works, Inc. v. Wyche*, 2010 WL 2635784, at *2 (N.D. Ill. June 28, 2010) (same); *Trustees of Central Laborers' Pension, Welfare & Annuity Funds v. Lepinski*, 2007 WL 3333246, at *2 (S.D. Ill

Nov. 8, 2007) (same).

Now the Government submits the declaration of Patricia Endraske, a processor for the USDA in its Rural Housing Program. [DE 15-1, Ex. B.] She states that she is involved in servicing USDA loans and working with loan documents during the 30 years she's been employed by USDA Rural Housing. Based on her review of the Bornes' statements, she states that the Bornes owes the following:

**Principal balance**: $65,426.85

**Interest balance**: $10,327.68

**Advance for title search:** $50.00

**Interest on advance:** $740.05

**Taxes and Insurance**: $7,677.66

**Total**: $84,222.24

[*Id*. at 2.] In addition, she states asserts that interest is accruing at $11.46 per day from May 11, 2012 to the date of judgment. [*Id*.] Each line item includes a sufficient explanation of the amounts due, and I'm now satisfied that the Government made a sufficient showing of damages.

For the foregoing reasons, the Government's Second Motion for Default Judgment [DE 15] is **GRANTED**. The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein. The Clerk is directed to treat this matter as **TERMINATED.**

**SO ORDERED**.

ENTERED: June 14, 2012     s/ Philip P. Simon
                           PHILIP P. SIMON, CHIEF JUDGE
                           UNITED STATES DISTRICT COURT